UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CARL GEE,

         Plaintiff,

  v.

ANTHONY J. ANNUCCI; et al.,

         Defendants.

9:17-CV-0009
(MAD/ATB)

---

APPEARANCES:

CARL GEE
Plaintiff, pro se
98-B-1658
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021

MAE A. D'AGOSTINO
United States District Judge

## DECISION and ORDER

### I. INTRODUCTION

The Clerk has sent to the Court for review a civil rights complaint brought by pro se plaintiff Carl Gee. Dkt. No. 1 ("Compl.").[1] Plaintiff, who is confined at Auburn Correctional Facility ("Auburn C.F."), has paid the filing fee for this action.

### II. SUFFICIENCY OF THE COMPLAINT

#### A. Standard of Review

Section 1915A(b) of Title 28 of the United States Code directs that a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity

---

[1] Plaintiff has filed four other civil rights actions in the Northern District since 2004.

or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A; *see Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (Section 1915A applies to all actions brought by prisoners against government officials even when plaintiff paid the filing fee). Thus, although the court has the duty to show liberality toward pro se litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond," *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted), the court also has a responsibility to determine whether plaintiff may properly proceed with this action.

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled

2

to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

**B.    Summary of the Complaint**

The following facts are set forth as alleged in plaintiff's complaint. In August 2015, plaintiff was issued a misbehavior report charging him with drug use. Compl. at 3; *see* Dkt. No. 1-1 ("Exs.") at 4-40 (Transcript of Disciplinary Hearing).[2] Defendant Lt. Brown served as the hearing officer at plaintiff's disciplinary hearing. *Id.* Plaintiff maintained that the charges "were fabricated in retaliation" by Sgt. Volpe (not a defendant), and plaintiff sought to call several witnesses and to introduce numerous records in support of that defense. Compl. at 3-4. Lt. Brown denied those requests and limited the evidence to the urinalysis test which returned positive for drugs. *Id.* Plaintiff objected during the hearing to Lt. Brown's bias. *Id.* at 5. Plaintiff was found guilty and sanctioned with 180 days keeplock confinement and loss of packages, commissary, telephone, and visiting privileges, with 90 days of the sanction on plaintiff's visits suspended to sixty days. *Id.* at 6; Exs. at 38. On administrative appeal, the disciplinary determination was modified to reduce the sanctions from 180 days to 135 days; the sanction on plaintiff's visiting privileges was reduced to 90 days (suspended to October 26, 2015). *Id.*; Exs. at 2.

Plaintiff wants to participate in the DOCCS Family Reunion Program ("FRP") at Auburn C.F. Compl. at 6.[3] As of the date plaintiff signed his complaint, his application was pending. *Id.* Plaintiff's FRP application is "subject to be denied" as a result of Lt. Brown's determination that he was guilty of drug use. *Id.*

---

[2] The misbehavior report arose from an altercation between plaintiff's wife and Sgt. Volpe during a visit. Compl. at 4. Sgt. Volpe was not the author of the misbehavior report. *Id.*; Exs. at 10-11.

[3] "The Family Reunion Program is designed to provide selected inmates and their families the opportunity to meet for an extended period of time in privacy." N.Y. Comp. Codes R. & Regs. tit. 7, § 220.1.

3

Plaintiff is scheduled to make his first appearance before the Board of Parole at the end of 2017. Compl. at 6.[4] Lt. Brown's disciplinary determination will be included in the DOCCS Inmate Status Report prepared for that hearing and will be "take[n] into consideration" by the Board of Parole in determining plaintiff's eligibility for release. *Id.*

Based upon the foregoing, plaintiff asserts claims for the violation of his constitutional rights protected under the First, Fifth, and Fourteenth Amendments. Compl. at 2, 6-7. In addition to Lt. Brown, the complaint names DOCCS Acting Commissioner Annucci, Director of Ministerial, Family, and Volunteer Services Morris, and FRP Offender Rehabilitation Coordinator Creehan, as defendants. *Id.* at 1-2. Plaintiff seeks an award of damages against Lt. Brown. *Id.* at 7. As against defendants Annucci, Morris, and Creehan, sued only in their official capacities, plaintiff seeks injunctive relief enjoining the use of the disciplinary determination in connection with consideration of plaintiff's FRP application and/or his application for parole release. *Id.* at 7-8. For a complete statement of plaintiff's claims and the facts he relies on in support of those claims, reference is made to the complaint.

## C.  Analysis

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 ("Section 1983"), which establishes a cause of action for "'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990)); *see also Myers v. Wollowitz*, No. 95-CV-0272, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (McAvoy, C.J.) (finding that "[Section] 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights"). "Section 1983 itself

---

[4] Plaintiff is serving a sentence of twenty years to life, having been convicted of first degree robbery. *See* http://nysdoccslookup.doccs.ny.gov.

creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James,* 13 F.3d 515, 519 (2d Cir. 1993). To state a claim under Section 1983, a plaintiff must allege that the conduct deprived him or her of a right guaranteed under the Constitution of the United States. *Snider v. Dylag*, 188 F.3d 51, 53 (2d Cir. 1999) (citing *Dwares v. City of New York*, 985 F.2d 94, 98 (2d Cir. 1993)).

### 1. Defendant Brown (First Cause of Action)

Plaintiff claims that he was denied due process at the disciplinary hearing conducted by defendant Brown. Compl. at 6. Plaintiff contends that urinalysis test result was fabricated, and claims that he not able to defend himself against the charge because Brown improperly denied his request to call several witnesses and also denied access to documents he requested. *Id.* at 3-6. Plaintiff was found guilty of drug use and, as modified on appeal, sanctioned with 135 days of keeplock confinement and loss of privileges. *Id.*; Exs. at 2.

To successfully state a Fourteenth Amendment claim for denial of due process, a plaintiff must show that he or she both (1) possessed an actual liberty or property interest, and (2) was deprived of that interest without being afforded sufficient process. *See Ortiz v. McBride*, 380 F.3d 649, 654 (2d Cir. 2004); *Tellier v. Fields,* 280 F.3d 69, 79-80 (2d Cir. 2000); *Hynes v. Squillace*, 143 F.3d 653, 658 (2d Cir. 1998); *Bedoya v. Coughlin,* 91 F.3d 349, 351-52 (2d Cir. 1996).[5] "[A] prisoner's restricted confinement within a prison does not give rise to a liberty interest, warranting procedural due process protection, unless the conditions 'impose[ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Sealey v. Giltner,* 197 F.3d 578, 583 (2d Cir. 1999) (quoting *Sandin*

---

[5] Because plaintiff is imprisoned in a state institution, the Fourteenth Amendment, and not the Fifth Amendment, applies to his due process claims. *See Pugliese v. Nelson*, 617 F.2d 916, 918 n.1 (2d Cir. 1980).

5

*v. Conner,* 515 U.S. 472, 484 (1995)).[6]  While not the only factor to be considered, the duration of a disciplinary confinement remains significant under *Sandin*. *Colon*, 215 F.3d at 231.[7]  Thus, while under certain circumstances confinement of less than 101 days could be shown to meet the atypicality standard under *Sandin* (*see Colon*, 215 F.3d at 232 n.5), the Second Circuit generally takes the position that restrictive confinement, without unusual conditions, for a period of up to 101 days will generally not constitute an atypical hardship, while confinement for a period of more than 305 days has been held to be atypical even if under "normal conditions." *Davis v. Barrett,* 576 F.3d 129, 133 (2d Cir. 2009 (citing *Colon*, 215 F.3d at 231.[8]

Mindful of the Second Circuit's direction that a pro se plaintiff's pleadings must be liberally construed, *see e.g. Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the Court finds that plaintiff's due process claim against Lt. Brown survives initial review and requires a response.  In so ruling, the Court expresses no opinion as to whether this claim can withstand a properly filed dispositive motion.

### 2. Defendants Morris and Creehan (Second Cause of Action)

---

[6] Atypicality in a *Sandin* inquiry is normally a question of law. *Colon v. Howard,* 215 F.3d 227, 230-31 (2d Cir. 2000); *Sealey,* 197 F.3d at 585.

[7] For example, segregation for a period of thirty days was found by the Supreme Court in *Sandin* not to impose a significant hardship on an inmate. *Sandin*, 515 U.S. at 485-86. In explaining its reasoning, the Court found that the disciplinary confinement failed to present "a dramatic departure from the basic conditions" of an inmate's normal sentence. *Id.*

[8] Under "normal" conditions, a prisoner confined in the special housing unit of a New York state prison is "placed in a solitary confinement cell, kept in his cell for 23 hours a day, permitted to exercise in the prison yard for one hour a day, limited to two showers a week, and denied various privileges available to general population prisoners, such as the opportunity to work and obtain out-of-cell schooling. Visitors [are] permitted, but the frequency and duration [is] less than in general population. The number of books allowed in the cell [is] also limited." *Palmer v. Richards*, 364 F.3d 60, 66 n.3 (2d Cir. 2004). "Keeplock" is a less restrictive form of disciplinary confinement where the inmate is confined to his own cell for the duration of the disciplinary sanction. *Gittens v. LeFevre*, 891 F.2d 38, 39 (2d Cir. 1989).

6

Plaintiff seeks to participate in the FRP at Auburn C.F. Defendants Morris and Creehan are responsible for reviewing plaintiff's FRP application. Compl. at 2. As alleged, plaintiff's disciplinary history is relevant to consideration of his application to participate in the FRP. *Id.* at 7. Plaintiff claims that the drug charge which Lt. Brown found him guilty of could adversely impact his admission to the FRP and seeks to enjoin defendants Morris and Creehan from considering it when they act on his FRP application. *Id.*

An inmate only "retains those First Amendment rights that are not inconsistent with his status as a prisoner." *Smith v. Coughlin*, 748 F.2d 783, 788 (2d Cir. 1984). The Supreme Court has found that "freedom of association is among the rights least compatible with incarceration" and "some curtailment of that freedom must be expected in the prison context." *Overton v. Bazzetta*, 539 U.S. 126, 131 (2003 ); *see Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 125-26 (1977) (holding that one of the more obvious constitutional rights curtailed by confinement is the right to freely associate with those outside the penal institution). It is well established that contact visits for prisoners are only a privilege and not a right. *See Smith v. Coughlin*, 748 F.2d 783, 788-89 (2d Cir. 1984); *Gatson v. Selsky*, No. 94-CV-0292 (RSP/GJD), 1997 WL 159258, at *3 (N.D.N.Y. Apr. 4, 1997).

"Courts considering inmate claims regarding denial of participation in or access to prison programs or privileges under *Sandin* [*v. Connor*, 515 U.S. 472 (1995)], have uniformly concluded that inmates do not enjoy a protected liberty interest in such aspects of prison life." *Thompson v. LaClair*, No. 9:08-CV-0037 (FJS/DEP), 2009 WL 2762164, at *5 (N.D.N.Y. Aug. 25, 2009). It is well-settled that plaintiff does not enjoy a liberty interest in participation in the FRP for purposes of the Fourteenth Amendment. *Palmer v. Richards*, 364 F.3d 60, 64 n.2 (2d Cir. 2004) ("there is no liberty interest in participating in the Family Reunion Program.").

7

Upon review, and with due regard for plaintiff's status as a pro se litigant, the Court finds that his claims against defendants Morris and Creehan are not cognizable in this Section 1983 action. Plaintiff does not enjoy a constitutionally protected right to participate in the FRP. Thus, even if the Court were to assume that the disciplinary determination was based upon false evidence or is otherwise invalid (and the Court makes no such finding),[9] plaintiff has no constitutionally protected right to enjoin consideration of that information in connection with review of his FRP application.

As a result, plaintiff's claims against defendants Morris and Creehan are not cognizable in this Section 1983 action and are dismissed without prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

### 3. Defendant Annucci (Third Cause of Action)

Plaintiff is scheduled to appear before the Board of Parole in late 2017. Compl. at 6. According to plaintiff, DOCCS Acting Commissioner Annucci (or his agent) is required to prepare and submit to the Board of Parole an Inmate Status Report which includes, among other things, plaintiff's recent disciplinary history. *Id*. at 7. As alleged, the Board of Parole may "consider defendant Annucci's or his agents advise on recent drug use as being relevant to plaintiff rehabilitation and potential release from prison." *Id.* Plaintiff seeks prospective injunctive relief enjoining Annucci from including Lt. Brown's disciplinary determination in his Inmate Status Report. *Id*. at 7-8.

The creation of a false report in a prisoner's file is not, on its own, a due process

---

[9] While plaintiff has alleged facts which plausibly suggest that he was denied due process at the disciplinary hearing, this ruling is not tantamount to a determination that the underlying misbehavior charge was false. Assuming that plaintiff succeeds on his due process claim, his remedy is a new hearing (at which he could be found guilty of the misbehavior charged), not expungement of his disciplinary record.

8

violation. *See Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir.1997) ("a prison inmate has no general constitutional right to be free from being falsely accused in a misbehavior report"); *Hollman v. Bartlett*, No. 08-CV-1417, 2011 WL 4382191, at *12 (E.D.N.Y. Aug. 26, 2011) (the placement of a false report in an inmate's file, without more, is not a due process violation). In addition, the Second Circuit has not recognized that prisoners have a constitutional right to have incorrect information expunged from their files. *LaBounty v. Coombe*, 208 F.3d 203 (2d Cir. 2000) (Summary Order). In *LaBounty*, the Second Circuit noted that it

> has not followed *Paine v. Baker*, 595 F.2d 197 (4th Cir. 1979), in recognizing that a prisoner has a constitutional right to have incorrect information relied upon in a parole hearing expunged from his or her file. In affirming the district court's decision in this case, we do not establish such a right. Even if we were to adopt a limited right to an accurate criminal file, we refuse to extend this right to information that comes from third parties and that has not been demonstrated to be inaccurate, such as the information in this case.

*LaBounty*, 208 F.3d at 203. Thus, to the extent that plaintiff seeks to assert a claim against defendant Annucci arising out of the possible creation of a DOCCS record (i.e. the Inmate Status Report) which includes false information (i.e., the disciplinary determination), that claim is not cognizable under Section 1983. Moreover, even if plaintiff has a limited constitutional right to have incorrect information expunged from his file and/or not included in the Inmate Status Report for his 2017 parole hearing, his claim as alleged is merely speculative and affords no basis for prospective injunctive relief.[10]

As a result, plaintiff's claim against defendant Annucci is dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be

---

[10] *See* footnote 8 *supra*.

granted.

## III. SERVICE

Where a plaintiff has been authorized by the Court to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, the U.S. Marshals Service is appointed to effect service of process of the summons and complaint on his behalf. *See* 28 U.S.C. § 1915(d) ("the officers of the court shall issue and serve all process and perform all duties in [in forma pauperis] cases."). Thus, once the plaintiff has identified the defendants, the U.S. Marshal must undertake to locate them and accomplish the service. Rule 4(c) of the Federal Rules of Civil Procedure provides that "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a proper specially appointed by the court." Fed. R. Civ. P. 4(c)(3).

Here, because plaintiff paid the filing fee and did not seek in forma pauperis status, he is responsible for serving the summons and complaint. If plaintiff so elects, he may submit a completed, signed, and properly certified in forma pauperis application and inmate authorization to the Court; if that application is granted service will be effected on plaintiff's behalf by the U.S. Marshal. In light of the fact that plaintiff is incarcerated and proceeding pro se, and in order to advance the disposition of this action, plaintiff may instead request an order of this Court pursuant to Rule 4(c)(3) directing service by the U.S. Marshal, provided that plaintiff pays the service fee to the U.S. Marshal in full in advance by money order or certified check and provides the documents required for service.[11]

---

[11] Payment in cash or by personal check is not acceptable. For service by mail, the fee is $8.00 per summons and complaint. Plaintiff is also advised that if initial service is unsuccessful, he will be required to pay the U.S. Marshal any additional fee, also in advance, for subsequent service attempts according to the fee schedule set by the U.S. Marshal.

**IV. CONCLUSION**

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's Fourteenth Amendment due process claim against defendant Lt. Brown survives the Court's initial review and requires a response; and it is further

**ORDERED** that plaintiff's remaining claims are **DISMISSED without prejudice** for failure to state a claim in accordance with 28 U.S.C. § 1915A(b)(1);[12] and it is further

**ORDERED** that the Clerk shall terminate Annucci, Morris, and Creehan as defendants in this action; and it is further

**ORDERED** that plaintiff is afforded **thirty (30) days** in which to submit either (i) a completed, signed, and duly certified in forma pauperis application and signed inmate authorization form; or (ii) a request for an order of this Court pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure directing the U.S. Marshal to effect service on defendant Brown, together with payment of the $8.00 service and a copy of his complaint and a completed USM-285 form for the defendant, as set forth above; and it is further

**ORDERED** that upon plaintiff's compliance herewith the Clerk shall forward the file to the Court for consideration; and it is further

**ORDERED** that in the event plaintiff does not seek in forma pauperis status or request service by the U.S. Marshal, the Clerk shall issue a summons and forward it to plaintiff for

---

[12] Should plaintiff seek to pursue one or more of the claims dismissed by the Court herein, he must file an amended complaint. Any amended complaint, which shall supersede and replace the original complaint in its entirety, must allege claims of misconduct or wrongdoing against each named defendant which plaintiff has a legal right to pursue, and over which this Court may properly exercise jurisdiction. Any amended complaint filed by plaintiff must also comply with the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure.

11

service of process upon defendant Brown in accordance with the Federal Rules of Civil Procedure; and it is further

**ORDERED** that a response to the complaint shall be filed by defendant or his counsel as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  Plaintiff must comply with requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions; motions will be decided on submitted papers, without oral argument, unless otherwise ordered by this Court.  **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so will result in the dismissal of this action**; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff by regular mail.

**IT IS SO ORDERED.**

Dated: February 7, 2017
       Albany, NY

_____
Mae A. D'Agostino
U.S. District Judge