UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CARL GEE,

                        Plaintiff,                      9:17-CV-0009
                                                                          (MAD/ATB)
      v.

LT. BROWN,

                        Defendant.
_____

APPEARANCES:                                             OF COUNSEL:

CARL GEE
98-B-1658
Plaintiff, pro se
Cape Vincent Correctional Facility
P.O. Box 739
Cape Vincent, NY 13618

HON. ERIC T. SCHNEIDERMAN            OMAR J. SIDDIQI, ESQ.
New York Attorney General                 Ass't Attorney General
Attorney for Defendant
The Capitol
Albany, NY 12224

MAE A. D'AGOSTINO
United States District Judge

**DECISION and ORDER**

**I.    INTRODUCTION**

Pro se plaintiff Carl Gee commenced this civil rights action asserting claims arising during his confinement at Auburn Correctional Facility ("Auburn C.F."). *See* Dkt. No. 1.[1] Upon initial review of the complaint in accordance with 28 U.S.C. § 1915A, defendant Brown

---

[1] Plaintiff paid the filing fee in full at the outset of this action. Plaintiff subsequently filed an application for in forma pauperis status which was granted. Dkt. No. 6 at 3.

was directed to respond to plaintiff's Fourteenth Amendment due process claim against him. Dkt. No. 2 at 6.[2]

Defendant Brown answered the amended complaint on June 8, 2017. Dkt. No. 13.[3] In accordance with the Mandatory Pretrial Discovery and Scheduling Order, the discovery completion deadline is February 12, 2018; dispositive motions, if any, are due March 29, 2018. Dkt. Nos. 14, 26.

Plaintiff has filed a letter motion seeking preliminary injunctive relief which is currently before the Court for consideration. Dkt. No. 24.

## II. DISCUSSION

Preliminary injunctive relief "'is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). "In general, district courts may grant a preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.'" *Otoe-Missouria Tribe of Indians v. New York State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014) (quoting *Lynch v. City of N.Y.*, 589 F.3d 94, 98 (2d Cir. 2009) (internal quotation marks omitted)). However, when the moving party seeks a "mandatory preliminary injunction that

---

[2] Plaintiff's remaining claims were dismissed without prejudice for failure to state a claim. February Order at 7-11.

[3] Plaintiff filed an amended complaint as of right setting forth his claims against Lt. Brown. Dkt. No. 5. The amended complaint is the operative pleading in this action. *See* Dkt. No. 6 at 2-3.

alters the status quo by commanding a positive act," the burden is "even higher." *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010) (internal quotation marks omitted)). Thus, a mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Citigroup Global Mkts.*, 598 F.3d at 35 n.4 (internal quotation marks omitted).[4]

"'A showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction.'" *Faiveley Transport Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) (quoting *Rodriguez v. DeBuono*, 175 F.3d 227, 234 (2d Cir. 1999)). Speculative, remote or future injury is not the province of injunctive relief. *Los Angeles v. Lyons*, 461 U.S. 95, 111-12 (1983). Rather, a plaintiff seeking to satisfy the irreparable harm requirement must demonstrate that "absent a preliminary injunction [he or she] will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." *Faiveley*, 559 F.3d at 118 (internal citation and quotation marks omitted).

In his motion, plaintiff alleges that "Defendant's agents (correction officers) and inmate gang members" have attempted to harm him in retaliation for his having filed this lawsuit. Dkt. No. 24 at 1. More specifically, plaintiff states that while he was in transit (presumably for his deposition on this action), inmate gang members at Watertown Correctional Facility

---

[4] Under the Prison Litigation Reform Act, preliminary injunctive relief in any civil action with respect to prison conditions must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct that harm. *See* 18 U.S.C. § 3626(a)(2). In considering an application for prospective relief, the court is required to give substantial weight to any adverse impact such relief may have on public safety or on the operation of the criminal justice system. *See* 18 U.S.C. § 3626(a)(1)(A).

attempted to attack him, but "were too late." *Id.* Plaintiff further states that during his confinement at Auburn Correctional Facility, inmate gang members tampered with his food "on orders of the officers - who said I was a 'rat'." *Id.* at 2.[5] Plaintiff claims that he has been denied medical testing and screening. *Id.* Liberally construed, plaintiff anticipates that he will experience further mistreatment at these facilities when he is next in transit for his deposition, and requests that it be enjoined. *Id.*

Defendant opposes plaintiff's motion and urges its denial. Dkt. No. 29. Defendant argues, among other things, that "any relief sought by Plaintiff is outside the scope of this action, which is rooted solely in a disciplinary due process claim against Defendant Brown." *Id.* at 2.

Upon review, the Court finds that plaintiff's motion must be denied. While the Court does not condone misconduct of any kind, neither plaintiff's allegations regarding mistreatment and/or denial of medical care nor his conclusory assertion that his life is in danger from unidentified individuals who are not parties to this action suffice to show that he is likely to suffer imminent irreparable harm in the absence of injunctive relief. *See e.g., Slacks v. Gray*, No. 9:07-CV-0501(NAM/GJD), 2008 WL 2522075, at *1 (N.D.N.Y. June 25, 2008) (allegations of future injury without more do not establish a real threat of injury). Moreover, except in limited circumstances not relevant here, a court may not order injunctive relief as to non-parties to an action. *See* Fed. R. Civ. P. 65(d) ("[e]very order granting an injunction . . . binds only . . . the parties . . . ."); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988); *Slacks*, 2008 WL 2522075, at *1 n.1. The Court also finds that plaintiff has

---

[5] Plaintiff is currently housed at Cape Vincent Correctional Facility. Dkt. No. 27.

failed to substantiate any allegations of irreparable harm with evidence in admissible form or to demonstrate, with evidence, a likelihood of success on the merits of his underlying claims, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor.

Based upon the foregoing, the Court denies plaintiff's motion for preliminary injunctive relief.

### III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for preliminary injunctive relief (Dkt. No. 24) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated: February 8, 2018
      Albany, NY

_/s/ Mae A. D'Agostino_
Mae A. D'Agostino
U.S. District Judge